United States District Court
Southern District of Texas
**ENTERED**
April 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAD EALY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-03372 |
| | § | |
| LOWES HOME CENTER LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court is the defendant's, Lowes Home Center LLC ("Lowes") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or 12(b)(3) in the alternative, motion to compel arbitration pursuant to Federal Rule of Civil Procedure 12(b)(3) and the Federal Arbitration Act ("FAA"). (Dkt. No. 6). The plaintiff, Chad Ealy ("Ealy"), has filed a response to the defendant's motion (Dkt. No. 7), and the defendant has filed a reply (Dkt. No. 8). After reviewing the motion, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendant's motion to stay and compel arbitration should be **GRANTED** and the motion to dismiss should be **DENIED**.

## II.     FACTUAL BACKGROUND AND PLAINTIFF'S CONTENTIONS

On or about March 22, 2023, the plaintiff, Ealy, engaged in protected class activity by reporting to Assistant Manager Stephen Matuskzkiewic and Lumber Department Supervisor Edgar Sanchez that Edgar Vaba had used a racial slur against him. No corrective actions were taken, and Ealy was advised to avoid Vaba despite their shared work environment. Again, on April 18, 2023, Ealy complained to Employee Relations about racially discriminatory behavior by the Assets Protection manager, Ever Winters, and intervened in a hostile situation involving a white male customer. An investigation by Matthew Ferrucci, an employee relations investigator, yielded undisclosed findings. Subsequently, on May 17, 2023, Ealy filed a Charge of Discrimination with the EEOC against Lowe's, alleging racial discrimination and retaliation for engaging in protected activity. The Charge did not specify "color" or "gender" discrimination. Following this, on May 22, 2023, the EEOC issued a Determination and Notice-of-Rights letter to Ealy, declining further investigation and informing him of the right to sue within 90 days. However, Ealy commenced his lawsuit on September 5, 2023, 106 days after receiving the notice.

As part of his employment terms, Ealy signed an arbitration agreement with Lowe's on June 7, 2022. This agreement stipulates that any disputes arising from Ealy's employment, or his termination would be resolved through binding arbitration rather than court proceedings. The agreement encompassed a broad range of disputes, including those related to federal and state statutes concerning civil rights, such as Title VII of the Civil

Rights Act of 1964. Ealy electronically signed the Arbitration Agreement as part of his onboarding process, which was a prerequisite for his employment at Lowe's.

### III. DEFENDANT'S CONTENTIONS

On September 5, 2023, Ealy, filed a lawsuit lodging a complaint against Lowe's based on race, color, and gender discrimination as well as retaliation under Title VII of the Civil Rights Act of 1964. Ealy's complaint faces dismissal on several grounds. However, in light of his contractual obligations to arbitrate all employment disputes, the Court is not obliged to entertain the plaintiff's lawsuit on Lowe's legal defenses. Ealy was bound by an Arbitration Agreement he entered upon employment that mandates arbitration of disputes related to his employment. Therefore, the defendant urges the Court to dismiss the complaint with prejudice or compel arbitration if dismissal is not granted.

### IV. ANALYSIS & DISCUSSION

Under the Federal Arbitration Act ("FAA"), two conditions must be met for arbitration to be compelled: the presence of a valid arbitration clause and the inclusion of the disputed claims within that clause's scope. *In re Rubiola*, 334 S.W.3d 220,223 (Tex.2011). The Court notes that once a party presents a presumptively valid arbitration agreement, arbitration must be ordered.

Firstly, it's established that a valid arbitration agreement exists between the parties, governed by Texas contract law. The parties do not dispute that they understood and agreed to the terms of the agreement.

Secondly, all the evidence shows that Ealy willingly accepted the terms of the Arbitration Agreement by creating his own unique login credentials; hence, Lowe's was unable to accept the terms in his behalf. It is also clear that all of Ealy's employment-related claims fall within the scope of the Arbitration Agreement, which explicitly covers disputes related to employment or termination.

Finally, it's noted that under the FAA, once a court confirms the arbitrability of the issues, it must stay the trial until arbitration is completed according to the agreement's terms.

## V. CONCLUSION

Based on the foregoing analysis and discussion, Lowe's motion to dismiss is **DENIED;** their motions to stay and compel arbitration are **GRANTED**.

It is so **ORDERED**.

SIGNED on April 1, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge